IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GEORGE GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1107-T-An |
| | ) | |
| BRET LONG and LAVONE BATES, | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

Plaintiff has filed a motion for the appointment of counsel. The motion is DENIED for the following reasons.

Section 1915(d) of Title 28 provides as follows:

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. § 1915(d). While a court has a duty to appoint counsel for an indigent criminal defendant in accordance with his constitutional right to counsel, the court in a civil proceeding has only the statutory authority to "request" counsel for a "person unable to employ counsel." Bunton v. Englemyre, 557 F. Supp. 1, 4 (E.D. Tenn. 1981); see Moss v. Thomas, 299 F.2d 729, 730 (6th Cir. 1962). The court will exercise this statutory power only in exceptional cases. Bunton, 557 F. Supp. at 4. However, "§ 1915(d) does not authorize

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on ___04-18-05___

the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977).

A review of the complaint indicates that the case is not so complex that the court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent himself. Attorney fees are available to prevailing parties in § 1983 actions, so there is some incentive for an attorney to accept Plaintiff's case, assuming he has a viable claim. See Bunton, 557 F. Supp. at 5. Furthermore, Plaintiff does not appear to have more exceptional circumstances than other litigants bringing employment actions. See Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (1979). Additionally, Plaintiff has filed a detailed complaint and appears to be capable of representing himself.

Because this case is not an exceptional one, the court DENIES Plaintiff's motion for the appointment of counsel.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

13 April 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 1:04-CV-01107 was distributed by fax, mail, or direct printing on April 18, 2005 to the parties listed.

---

George Gordon
HARDEMAN COUNTY CORRECTIONAL FACILITY
90017
P.O. Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT