IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GEORGE GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-1107-T-An |
| | ) | |
| QUENTON WHITE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION TO DISCLOSE CONTENTS OF
DEPOSITIONS OF INMATE WITNESSES

On May 17, 2004, Plaintiff, a prisoner acting *pro se*, filed a complaint pursuant to 42 U. S. C. § 1942 against various officials at the Hardeman County Correctional Facility. On March 3, 2005, the court entered an order dismissing all defendants except Brent Long and Lavon Bates. Defendants Long and Bates were served with process. Defendants have now filed a motion for summary judgment [Docket # 29]. Plaintiff has filed a response to the motion and a motion for Defendants to disclose the content of the inmate witnesses' depositions [Docket # 39]. For the reasons set forth below, Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden

of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. <u>Anderson</u>, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" <u>Street</u>, 886 F.2d at 1479 (quoting <u>Anderson</u>, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).

The complaint alleges as follows.[1] At the time of the relevant events, Defendant Long was a unit manager at Plaintiff's prison, and Defendant Bates was a correctional officer. On March 4, 2003, Plaintiff was emptying the garbage can when Fred Jackson, another inmate, grabbed him by the collar and slammed him against the wall. Defendant Bates observed the attack, wrote up Jackson for assault, but allowed Jackson to remain in the general population. When Jackson learned that he had been written up, he went to Plaintiff's cell and threw a hot substance in Plaintiff's face. Plaintiff alleges that he suffered severe injuries from the attack. Plaintiff contends that Defendants should have segregated Jackson prior to the second attack.

In support of their motion for summary judgment, Defendants have presented the following evidence. Prior to the above cited incident, Plaintiff and Jackson had never had a problem with each other. Plaintiff's Depo. at p. 19. They were not listed as incompatible inmates, and Jackson had no prison disciplinary convictions for assault. Id. at pp. 22, 25. Defendants have presented their own affidavits which state that they did not have the authority to issue an order to segregate Jackson. Long Affidavit; Bates Affidavit.

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 113 S. Ct. 2475, 2480 (1993). The Eighth Amendment places restraints on prison officials, and it also imposes duties on these officials such as providing humane conditions of confinement. Hudson v. McMillian, 503 U.S. 1 (1992) Prison officials must ensure that inmates receive adequate food, clothing, shelter and

---

[1] The court will refer only to the allegations that pertain to Plaintiff's claims against Defendants Long and Bates.

medical care, and must take reasonable measures to guarantee their safety. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See Wilson v. Seiter, 501 U.S. 294 (1991) (The protection a prisoner is afforded against other prisoners is a "condition of confinement" subject to the strictures of the Eighth Amendment.)

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825 (1994). A prison official can be held liable for an Eighth Amendment violation when an inmate shows: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official had "the state of mind ... of 'deliberate indifference' to the inmate's health or safety." Id. at 834-35. "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836.

In the present case, even accepting Plaintiff's allegations as true, Defendants were not deliberately indifferent to Plaintiff's safety because they had no authority to segregate Plaintiff's attacker. Plaintiff has presented no evidence to refute Defendants' affidavits. Therefore, Plaintiff has failed to state a claim for deliberate indifference to his safety, and Defendants are entitled to summary judgment.

Plaintiff has filed a motion asking the court to require Defendants to disclose the contents of the depositions of Plaintiff's witnesses, who were fellow inmates of Plaintiff on

the day in question.  Because these witnesses have no knowledge of Defendants' authority to segregate a prisoner, the motion is denied.

In summary, Defendants' motion for summary judgment [Docket # 29] is GRANTED, and Plaintiff's motion for Defendants to disclose the content of the inmate witnesses' depositions [Docket # 39] is DENIED. The clerk is directed to enter judgment accordingly. IT IS SO ORDERED.

                                      s/ **James D. Todd**
                                      JAMES D. TODD
                                      UNITED STATES DISTRICT JUDGE